## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. No. 2:21-cv-00460-JRG |
| | ) | |
| TELEFONAKTIEBOLAGET LM | ) | **Jury Trial Demanded** |
| ERICSSON and ERICSSON INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### APPLE INC.'S REQUEST FOR EARLY CASE MANAGEMENT CONFERENCE

Apple respectfully requests that the Court conduct an immediate case management conference to discuss a schedule and procedure for the issues posed by this case and the flood of litigation that Ericsson filed since Monday to undermine this Court's jurisdiction.  Apple is respectful of the Court's typical practice in setting scheduling conferences.  However, Ericsson has chosen to evade the jurisdiction of this Court by pursuing collateral litigation in the Western District of Texas, at the U.S. International Trade Commission, and in at least four countries abroad. In each case, Ericsson is pursuing injunctive relief that will turn this Court's judgment into a nullity.  In fact, Ericsson has sought preliminary injunctive relief on an ex parte basis in Brazil on three FRAND-encumbered declared standard essential patents.  Apple thus requests immediate action by this Court to discuss the scope of this case and how it can be litigated effectively and without interference.

\*\*\*\*\*

Apple filed its complaint against Telefonaktiebolaget LM Ericsson and Ericsson Inc. (collectively, "Ericsson") on December 17, 2021.  Among other relief, Apple seeks a determination of fair, reasonable, and non-discriminatory ("FRAND") terms for a global license to Ericsson's

claimed standard-essential cellular patents ("SEPs"), including by reference to the parties' license that expired just days ago.  Apple noted that it is also willing to have the Court set FRAND terms for Ericsson to license Apple's SEPs—that is, Apple is willing to structure this case to reach a determination of the terms of a cross-license to the parties' respective SEPs.  ECF 2 at ¶ 43.  Put another way, Apple believes the parties' overall dispute about renewing the just-expired agreement should be decided in this case before this Court, rather than in the Waco, ITC, and overseas cases filed by Ericsson.

In the last few weeks, Ericsson sought Apple's confirmation that Apple was committing to have this Court set the terms of a *binding* cross license between the parties as part of this action. On January 11, Apple provided that confirmation and, given the apparent agreement between the parties that this Court would adjudicate such a cross license, Apple stated its understanding that the parties would not assert infringement claims against the other outside this Court while this case was pending.  Apple believed that Ericsson agreed and understood that forbearing collateral litigation was a key foundation so that these proceedings would not be undermined by the coercive threat of an injunction elsewhere.

Ericsson changed course on Monday.  Apple is aware of patent actions seeking injunctive relief in at least six different venues that Ericsson has filed in the last two days:

- W.D. Tex. (Waco): Even though Ericsson filed a complaint against Apple in this Court in October 2021 (2:21-cv-376) seeking a declaration that it has complied with its FRAND obligations and moved on Monday to amend that complaint to allege that Apple has breached its FRAND obligations, Ericsson filed three patent infringement actions before Judge Albright in the *Western* District of Texas.  These are the first cases that Ericsson has ever filed in that district, which is unsurprising given that Ericsson's

U.S. headquarters is in the Eastern District of Texas.  Notably, in each case Ericsson seeks to enjoin Apple.  Ericsson's apparent aim in simultaneously pursuing relief in the Western District of Texas—including on SEPs—and in this Court is to avoid allowing this Court to completely resolve the parties' licensing dispute and to shield its non-FRAND injunction demands from this Court's scrutiny.  Simply put, Ericsson is flouting the authority of this Court.  Ericsson now seeks to do exactly what Apple had understood the parties agreed not to do—undermine this Court's authority to resolve this dispute by launching a wave of injunction actions.  Ericsson intends to coerce Apple to accept a non-FRAND settlement before this Court has the opportunity to set FRAND terms for a renewed cross-license.

- ITC: Ericsson filed three cases in the U.S. International Trade Commission that overlap with its Waco cases, one of which asserts four cellular SEPs and the other two of which assert patents that are not claimed to be essential ("NEPs").  There, Ericsson claims that seeking to exclude Apple's products from the United States was necessary after "exhausting all other options to conclude a license with Apple on fair, reasonable, and non-discriminatory ('FRAND') terms"—that clearly is not right because Ericsson well knows that this Court can determine FRAND terms and Apple has agreed to accept them.

- Foreign actions: Ericsson sought an *ex parte* preliminary injunction against Apple in Brazil on three SEPs.  In the Netherlands, Ericsson has asserted four SEPs and informed Apple's counsel that Ericsson intends to seek preliminary injunctions against Apple. In Germany, Ericsson has filed multiple actions involving both SEPs and NEPs in Mannheim and likely other courts.  In Belgium, Ericsson asserted three SEPs and one

3

NEP with the apparent aim of enjoining Apple.  These are the foreign cases of which Apple is presently aware.

Apple will now need to respond to these litigations by filing its own patent infringement claims against Ericsson.  But to be clear: Apple does not think it is appropriate for the parties to be embroiled in collateral patent actions against each other—given the pendency of the instant action to set binding FRAND terms in this Court—and if Ericsson withdraws the offensive patent complaints that it just filed, Apple will withdraw any new patent actions against Ericsson.  The parties' dispute should be decided right here—in this Court, and in this case.

*****

For all these reasons, Apple respectfully submits that the parties and the Court may benefit from an early case management conference to discuss the scope of this case and how it can be litigated most efficiently.  Accordingly, Apple respectfully requests that the Court schedule a case management conference at its earliest convenience.

DATED: January 19, 2022

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

Ruffin Cordell
cordell@fr.com
State Bar No. 04820550
FISH & RICHARDSON P.C.
1000 Maine Ave SW, Suite 1000
Washington, DC 20024

Joseph J. Mueller (*pro hac vice*)
Timothy D. Syrett (*pro hac vice*)
joseph.mueller@wilmerhale.com
timothy.syrett@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP

4

Telephone: 202-783-5070
Facsimile: 202-783-2331

Benjamin C. Elacqua
State Bar No. 24055443
elacqua@fr.com
FISH & RICHARDSON P.C.
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Betty Chen
State Bar No. 24056720
bchen@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: 650-839-5070
Facsimile: 650-839-5071

60 State Street
Boston, MA 02109
Telephone: 617-526-6000
Facsimile: 617-526-5000

Mark D. Selwyn (*pro hac vice*)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2600 El Camino Real #400
Palo Alto, CA 94306
Telephone: 650-858-6000
Facsimile:  650-858-6100

***Attorneys for Plaintiff Apple Inc.***

## CERTIFICATE OF SERVICE

I certify that on January 19, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Melissa R. Smith*

## CERTIFICATE OF CONFERENCE

I hereby certify that Counsel for Plaintiff Melissa R. Smith and Counsel for Defendant, Sam Baxter have complied with the meet and confer requirement in Local Rule CV-7(h) on January 19, 2022. Counsel for Defendant indicated Defendant is opposed to the relief sought herein.

*/s/ Melissa R. Smith*