# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> TELEFONAKTIEBOLAGET LM ERICSSON AND ERICSSON INC., <br><br> Defendants. | Civil Action No. 2:21-cv-00460-JRG <br><br> **ORAL ARGUMENT REQUESTED** <br><br> **PUBLIC REDACTED** |

**ERICSSON'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, TO SEVER AND CONSOLIDATE**

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND AND STATEMENT OF FACTS ...........................................................2

    A. The Parties' Technology and Prior Cross-License ....................................................... 2

    B. Ericsson Announced its 5G SEP Licensing Offer in 2017, and Apple Subsequently Approved the 5G Standard. ................................................... 4

    C. Apple's Public Statement of FRAND ........................................................... 5

    D. Ericsson's First-Filed Suit Seeking a Declaration That Its Offer to Apple Complies with FRAND ................................................................................ 5

    E. Apple Moved to Dismiss the Ericsson Action and Improperly Filed Compulsory Counterclaims in This Second-Filed Action ........................................... 6

III. ARGUMENT ...........................................................................................................................7

    A. Counts I through IV of Apple's Complaint are Compulsory Counterclaims in Ericsson's Action and Cannot be Asserted Here ............................................................. 9

    B. Ericsson Did Not Breach the 2015 GPLA and Count I Should Be Dismissed ........... 12

    C. Apple's Individual Patent Claims (Counts V through VII for Declarations of Non-Essentiality and Non-Infringement) Should Remain in This Action .................. 14

IV. CONCLUSION ....................................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................ 8

*Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467 (1974) ................................................................ 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................ 8

*Bossier v. Freese & Goss PLLC*, No. 3:17-CV-1454-L-BK, 2017 WL 7087762 (N.D. Tex. Oct. 4, 2017) .................................................................................................................................... 12

*BridgeLux, Inc. v. Cree, Inc.*, No. 9:06-CV-240, 2007 WL 9724143 (E.D. Tex. Feb. 5, 2007) .... 9

*Ferrer v. Chevron Corp.*, 484 F.3d 776 (5th Cir. 2007) ................................................................ 8

*Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201 (5th Cir. 2010) ........................ 8

*N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873 (5th Cir. 1998) .................................................. 8, 12

*Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053 (5th Cir. 1992) ............................. 10, 11

*Plant v. Blazer Fin. Servs., Inc.*, 598 F.2d 1357 (5th Cir. 1979) .................................................. 10

*RPV, Ltd. v. Netsphere, Inc*, No. 3:16-CV-02778-N, 2017 WL 7520611 (N.D. Tex. Aug. 9, 2017) ................................................................................................................................................ 11

*RPV, Ltd. v. Netsphere, Inc.*, 771 F. App'x 532 (5th Cir. 2019) ............................................. 9, 10

*Underwriters at Interest on Cover Note v. Nautronix, Ltd.*, 79 F.3d 480 (5th Cir. 1996) ............ 10

*United of Omaha Life Ins. Co. v. Womack-Rodriguez*, 461 F. Supp. 3d 455 (W.D. Tex. 2020).... 8

*United States ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 673, 680 (W.D. Tex. 2006) ................................................................................................................................................. 8

*United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375 (5th Cir. 2003). 8

*United States ex rel. Woodard v. Davita, Inc.*, No. 1:05-CV-227, 2010 WL 11531271 (E.D. Tex. Dec. 21, 2010) .......................................................................................................................... 8

**Other Authorities**

6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1418 (3d ed. 2001) ................................................................................................................. 9, 14

**<u>Rules</u>**

Fed. R. Civ. P. 3 ............................................................................................................................. 9

Fed. R. Civ. P. 12 ........................................................................................................................... 7

Fed. R. Civ. P. 13 ................................................................................................................ 7, 9, 12

**I. INTRODUCTION**

On the same day it filed this breach-of-FRAND lawsuit, Apple simultaneously moved to dismiss *Ericsson's* October case – also pending in this Court – on the ground that there is no case or controversy between the parties as to Ericsson's FRAND compliance.[1] Clearly, there is a case ripe for adjudication, and this Court is the parties' chosen forum. But because Apple's FRAND claims (Counts I-IV) are compulsory counterclaims in Ericsson's first-filed case, Ericsson moves to dismiss, or alternatively, to sever Apple's FRAND claims and consolidate them into Ericsson's first-filed FRAND case.

Apple's litigation tactics are transparent. It cannot legitimately deny that there is a real FRAND controversy between the parties that would benefit from a FRAND adjudication. Rather, Apple appears to engage in a gambit to reorient the parties (so that Apple becomes the plaintiff instead of Ericsson). Apple moves to dismiss Ericsson's first-filed case for lack of case or controversy, while simultaneously filing this case asserting a case or controversy exists as to the related claim that forms the basis of Ericsson's previously filed case. Apple would thereby have the Court dismiss Ericsson's case and proceed forward with the same FRAND adjudication in this case in which Apple is aligned as the plaintiff.

Apple's procedural gambit fails for multiple reasons. Most directly, Apple has asserted claims here that are compulsory counterclaims to Ericsson's first-filed complaint. By asserting its compulsory counterclaims in a later-filed, parallel action that arises out of the same nucleus of operative facts, Apple has run afoul of Federal Rule 13 and the cases that interpret it.

Apple incorrectly presumes that the Court will dismiss Ericsson's first-filed case due to lack of case or controversy. This does not excuse Apple's procedural violation. As explained in

---

[1] *See Ericsson Inc. and Telefonaktiebolaget LM Ericsson v. Apple Inc.*, No. 2:21-cv-376-JRG (Oct. 4, 2021, E.D. Tex.) (Doc. 9) at 10.

Ericsson's response to Apple's motion to dismiss in Ericsson's first-filed case, a case or controversy over Ericsson's 5G FRAND offer has existed between Apple and Ericsson for a long time. This has been confirmed by Apple's Complaint here. Apple believes, and has publicly announced, that Ericsson's longstanding and publicly available offer to Apple for a license to its 5G standard essential patents ("SEPs") "is not FRAND" and "is not made in good faith." Compl. ¶¶ 117, 123. In its Complaint against Ericsson, Apple complains about its "continuing experience dealing with third parties attempting to abuse the FRAND licensing process," and it points to Apple's longstanding "core principles" that spell out how Apple will judge whether a licensing offer complies with FRAND. *Id.* ¶ 45. Apple's views, which include requiring the royalty be based on the cost of the baseband chip (the alleged SSPPU) and rejecting royalties based on the ASP (average selling price) or use of the product, are fundamentally inconsistent with Ericsson's offer to Apple and have been rejected by industry and the courts as not consistent with FRAND. A dispute was ripe long before Ericsson filed its Complaint against Apple.

Ericsson respectfully requests that the Court either dismiss Counts I through IV subject to refiling as compulsory counterclaims in Ericsson's first-filed action or, alternatively, sever Counts I through IV and consolidate them into Ericsson's pending action. To the extent the Court wishes to address the substance of Apple's claims here, Count I also fails to state a claim under a plain reading of the parties' license agreement.

## II. BACKGROUND AND STATEMENT OF FACTS

### A. The Parties' Technology and Prior Cross-License

As Apple acknowledges, Ericsson has a long history of participating in standardization and has contributed extensively to the technology incorporated into various cellular standards. Compl.

¶¶ 47-48.[2]  As a result of its extensive research and development efforts, and its significant expenditures in innovation, Ericsson has acquired an industry-leading portfolio of Standard Essential Patents ("SEPs") for cellular communications standards including 2G, 3G, 4G, and 5G. *Id.* ¶ 47.  Ericsson voluntarily contributed its inventions to the European Telecommunications Standards Institute (ETSI) standards, and further agreed that it was prepared to grant licenses to its SEPs on fair, reasonable, and non-discriminatory ("FRAND") terms and conditions. *Id.* ¶¶ 35-40.

Apple, for its part, is first-and-foremost a manufacturer of devices that use the standardized technology. *Id.* ¶¶ 8-12.  However, Apple also alleges that it has acquired certain SEPs of its own and, like any SEP holder, is contractually bound by the SSOs' IPR Policies to be prepared to grant licenses to implementers on FRAND terms. *Id.* ¶ 43.

Because Ericsson and Apple both believe they hold SEPs and both manufacture devices and equipment that practice or implement the cellular standards, the parties have historically entered into cross-license agreements. *Id.* ¶ 51.  Under those agreements, Ericsson would grant Apple a license to all of Ericsson's SEPs and Apple would grant Ericsson a license to Apple's SEPs. *Id.*  The parties last entered such cross-license in 2015 (the "License Agreement"). *Id.* ▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

---

[2] The Court is intimately familiar with the standardization process and Ericsson will not retread the entire history of standard setting organizations ("SSOs") or the development of 2G, 3G, and 4G technology here. *See generally* Compl. ¶¶ 27-43.

- 4 -



### B. Ericsson Announced its 5G SEP Licensing Offer in 2017, and Apple Subsequently Approved the 5G Standard.

On March 3, 2017 – roughly two years after the parties entered the License Agreement and before the 5G standard was frozen – Ericsson announced *ex ante* its 5G/NR multimode royalty rates, which it set at $5 per 5G/NR multimode compliant handset (Ericsson's "5G FRAND Offer").[3] The 5G standard was frozen and Apple incorporated 5G technology into its products in 2020, *after* Ericsson announced its standing offer for licensing terms in compliance with FRAND. But, as Apple's Complaint makes abundantly clear, Apple adopted the technology while taking the position that "Ericsson's . . . public rates . . . [are] not FRAND" and were "not made in good faith." *Id.* ¶¶ 117, 123.

---

[3] *See* Ericsson's FRAND Licensing terms for 5G/NR in 3GPP Release 15.

### C. Apple's Public Statement of FRAND

As Apple alleges in its Complaint, it publicly posted its "Statement on FRAND Licensing of SEPs." *See id.* ¶ 46 (linking to https://www.apple.com/legal/intellectual-property/frand/ ("Statement of FRAND"). That public statement, which Apple first posted in 2019, described Apple's "framework for fair, reasonable, and non-discriminatory licensing of standard essential patents" and stated that "Apple is committed to these core principles." *See* Statement of FRAND. By posting that statement, Apple made it abundantly clear that it was "committed" to SEP licensing *only* on the following terms:

- SEP holders must identify and "prove with specificity" to Apple's satisfaction that each individual SEP is "actually essential, infringed, and not otherwise invalid, exhausted, licensed, or unenforceable";

- Apple must be allowed the unilateral "ability to choose whether to license individual, select groups of, or entire portfolios of SEPs";

- The now-rejected theory that royalties must be calculated on the "smallest saleable unit" or SSPPU, which "should be at most the baseband chip";

- That licensing the fully conforming, end-user device is *per se* discriminatory; and

- That basing royalties on the value of patented inventions to the end user is a *per se* violation of FRAND.

*See* Statement of FRAND.

These principles were not mere aspirational goals. Apple's Complaint confirms that these "FRAND principles are spelled out clearly on Apple's website" as part of its "commitment to transparency." *Id.* ¶ 46. In other words, Apple drew its public line in the sand and "transparent[ly]" notified SEP holders that Apple would deem non-FRAND and refuse any offers – like Ericsson's 5G FRAND Offer – that even marginally deviated from Apple's demands.

### D. Ericsson's First-Filed Suit Seeking a Declaration That Its Offer to Apple Complies with FRAND

Because Apple incorporated Ericsson's 5G technology into its products, publicly stated

- 5 -

that Ericsson's licensing practices do not comply with FRAND, and clearly and unequivocally rejected Ericsson's longstanding offer to Apple to license its 5G SEPs at $5 per 5G/NR multimode compliant handset, Ericsson filed suit on October 4, 2021.  *See Ericsson Inc. and Telefonaktiebolaget LM Ericsson v. Apple Inc.*, No. 2:21-cv-376-JRG (Oct. 4, 2021, E.D. Tex.) (Doc. 1) (the "Ericsson Action").  Ericsson asserted one cause of action for a declaratory judgment that "Ericsson is prepared to grant licenses on FRAND terms and conditions, has negotiated in good faith, and has fully complied with its FRAND Commitment, the terms of its IPR Declaration and Licensing Statement, the ETSI IPR Policy, and all applicable laws" based on its longstanding $5 per 5G/NR multimode compliant handset offer to Apple.  *Id.* ¶ 66.  At base, Ericsson sought a declaration its 5G FRAND Offer to Apple – and which Apple rejected – complied with FRAND.

Separately, Ericsson took steps to protect itself in other jurisdictions from any attempt by Apple to curtail Ericsson's ability to assert its patents *after* the parties' agreement expired.  Specifically, Ericsson requested an anti-anti-suit injunction in the Netherlands, asking the court in that jurisdiction to prohibit Apple from filing an anti-suit injunction anywhere in the world that would affect the jurisdiction of the Netherlands court.  As an attachment, Ericsson provided – in an exemplary fashion – "draft" patent infringement complaints.  Compl. ¶ 86.  Ericsson did not assert any patents against Apple in the Netherlands, nor did it challenge Apple's compliance with FRAND.  *Id.*

      **E.**    **Apple Moved to Dismiss the Ericsson Action and Improperly Filed Compulsory Counterclaims in This Second-Filed Action**

On December 17, 2021, Apple moved to dismiss the Ericsson Action.  *See Ericsson Inc. and Telefonaktiebolaget LM Ericsson v. Apple Inc.*, No. 2:21-cv-376-JRG (Oct. 4, 2021, E.D. Tex.) (Doc. 9).  Apple argued that there was no ripe and justiciable controversy, including because (1) "Ericsson never points to an actual statement from Apple about Ericsson – let alone one

sufficient to create a justiciable dispute" whether Ericsson's 5G FRAND Offer is FRAND; and (2) "Ericsson does not actually allege that Apple ever directly accused Ericsson of breaching its FRAND commitments or made any statement giving rise to a dispute." *Id.* at 10, 12.

On the very same day it moved to dismiss the Ericsson Action, Apple filed its own standalone Complaint in this action. In an ironic twist – despite representing to this Court in its Motion to Dismiss that Ericsson had *not* presented a justiciable dispute about whether Ericsson's longstanding 5G FRAND Offer satisfied FRAND – Apple squarely alleged in this action that Ericsson's 5G rate "*is not FRAND*." Compl. ¶¶ 117, 123 (emphasis added). To punctuate the point, Apple filed multiple causes of action that arise out of precisely the same occurrences as Ericsson's declaratory request in the Ericsson Action, including:

- **Count I (Breach of the 2015 License Agreement):** Apple alleges that Ericsson's very act of "filing its actions in this Court" constitutes a breach of the parties' 2015 License. Compl. ¶ 109.

- **Counts II-IV (Breach of Ericsson's FRAND Contractual Commitments, the Duty of Good Faith, and Declaratory Relief):** Apple alleges that Ericsson's longstanding $5 5G FRAND Offer "is not FRAND" and seeks declaratory relief establishing that "Ericsson's public licensing rates are not FRAND." Compl. ¶¶ 117-18, 129, 132.

Although Counts I through IV of Apple's Complaint facially overlap with the declaratory request in the Ericsson Action, Apple did not file them as counterclaims in the Ericsson Action. It chose instead to file them in this new, second-filed action.

**III. ARGUMENT**

In this motion, Ericsson argues that Apple's claims should be dismissed under Rule 13. If a claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" in another suit, that claim must be asserted as a compulsory counterclaim in the original action and cannot be asserted in an independent proceeding. Fed. R. Civ. P. 13(a)(1); *accord United of Omaha Life Ins. Co. v. Womack-Rodriguez*, 461 F. Supp. 3d 455, 467 (W.D. Tex. 2020)

("[A] failure to plead a compulsory counterclaim bars a party from bringing a later independent action on that claim." (quoting *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 882 (5th Cir. 1998)).

Ericsson also moves for dismissal under Rule 12(b)(6) on the grounds that Apple has failed to state a claim. To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must "not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). "[T]he court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). And the Court may take judicial notice of its own docket and "documents filed in other courts to establish the fact of litigation and related filings." *United States ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 673, 680 (W.D. Tex. 2006); *accord United States ex rel. Woodard v. Davita, Inc.*, No. 1:05-CV-227, 2010 WL 11531271, at *2 (E.D. Tex. Dec. 21, 2010) ("It is well settled that courts may take judicial notice of court documents to establish the fact of litigation and related filings." (quotation omitted)).

The claims asserted in Counts I through IV of Apple's Complaint suffer from multiple defects. As an initial matter, all four of those counts are compulsory counterclaims in the previously filed Ericsson Action and, as a result, should either be dismissed or severed and consolidated in the Ericsson Action as compulsory counterclaims. Moreover, even if the Court addresses the substance of those claims in this proceeding, which it need not, Count I fails to state a claim because – even accepting all the allegations as true – Ericsson's pursuit of its claim in the

Ericsson Action is *not* prohibited by the License Agreement.

### A. Counts I through IV of Apple's Complaint are Compulsory Counterclaims in Ericsson's Action and Cannot be Asserted Here

Apple's assertion of Counts I through IV in this action (to the extent Count I is not dismissed with prejudice for the reasons stated above) violates the plain terms of Federal Rule of Civil Procedure 13 – namely, that a party "***must*** state as a counterclaim ***any*** claim that – at the time of its service – the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a) (emphases added).[4] It is black-letter law that "[i]f a party fails to bring a compulsory counterclaim in the original action, it is barred from asserting the claim in a later suit." *RPV, Ltd. v. Netsphere, Inc.*, 771 F. App'x 532, 534-35 (5th Cir. 2019) (quoting *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974)). In applying that rule, courts have recognized that it is proper to "stay[] or dismiss[] claims that could have been filed elsewhere as compulsory counterclaims." *BridgeLux, Inc. v. Cree, Inc.*, No. 9:06-CV-240, 2007 WL 9724143, at *2 (E.D. Tex. Feb. 5, 2007); *see also* 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1418 (3d ed. 2001) ("Ideally, once a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the prior action.").

The test for whether a counterclaim is compulsory is conducted on a claim-by-claim basis,

---

[4] Although Rule 13 allows a party to maintain claims that are already "the subject of another pending action" when the original "action was commenced," that exception does not apply here. Fed. R. Civ. P. 13(a)(2)(A). The Rules expressly state that a "civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Because Apple's FRAND-related claims existed at the time the Ericsson Action was filed with the Court, those claims are compulsory and must be asserted in the Ericsson Action.

with courts asking the following four questions:

> (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim.

*Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992) (citation omitted).[5] "An affirmative answer to *any* of the four questions indicates the claim is compulsory." *Underwriters at Interest on Cover Note v. Nautronix, Ltd.*, 79 F.3d 480, 483 n.2 (5th Cir. 1996) (emphasis added).

Counts I through IV of Apple's Complaint plainly qualify as compulsory counterclaims. As a starting point, in its October 4, 2021 complaint, Ericsson sought a declaration that "Ericsson is prepared to grant licenses on FRAND terms and conditions, has negotiated in good faith, and has fully complied with its FRAND Commitment, the terms of its IPR Declaration and Licensing Statement, the ETSI IPR Policy, and all applicable laws." *See Ericsson Inc. and Telefonaktiebolaget LM Ericsson v. Apple Inc.*, No. 2:21-cv-376-JRG (Oct. 4, 2021, E.D. Tex.) (Doc. 1) at ¶ 66. That claim involved a consideration of (a) the requirements imposed by FRAND; (b) the parties' negotiations, including Ericsson's 5G FRAND Offer to Apple; and (c) the determination of whether Ericsson's $5 per 5G/NR multimode compliant handset offer satisfied FRAND's requirements. The overlap with Counts I through IV of Apple's Complaint could not be more complete.

In Count I (breach of the License Agreement), Apple's theory is that the Ericsson Action, *itself*, is in breach of the Licensing Agreement. Compl. ¶ 108 ("On October 4, 2021, Ericsson filed

---

[5] A logical relationship exists "when the counterclaim arises from the same 'aggregate of operative facts' in that the same operative facts serve as the basis of both claims.'" *RPV, Ltd.*, 771 Fed. App'x at 535 (quoting *Plant v. Blazer Fin. Servs., Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979) (alterations adopted)).

a complaint in this Court that acknowledges that Apple has SEPs that are subject to FRAND commitments . . . . ███████████████████████████████ ███████). On its face, that claim incorporates the Ericsson Action and, as a result, there is a "logical relationship between the [Ericsson Action] claim and the [Apple] counterclaim." *Park Club, Inc.*, 967 F.2d at 1058. Even a cursory review of Apple's pending Motion to Dismiss the Ericsson Action demonstrates that the Court would have to address overlapping issues of underlying law and facts in the Ericsson Action and in Apple's Count I. In fact, Apple has argued (at length) that the Ericsson Action was instituted in "facial breach of the 2015 License." *Ericsson Inc. and Telefonaktiebolaget LM Ericsson v. Apple Inc.*, No. 2:21-cv-376-JRG (Oct. 4, 2021, E.D. Tex.) (Doc. 9) at 9; *see also id.* at 7-10. Apple's Count I is simply an offensive restatement of its Motion to Dismiss – as a result, it must be dismissed. *See, e.g.*, *RPV, Ltd. v. Netsphere, Inc*, No. 3:16-CV-02778-N, 2017 WL 7520611, at *2 (N.D. Tex. Aug. 9, 2017) (claims of breach of settlement agreement at issue in prior litigation were dismissed because they were compulsory counterclaims in prior litigation).

Turning to Counts II through IV, Apple's core allegations are that Ericsson's longstanding $5 per 5G/NR multimode compliant handset offer "is not FRAND"; that the offer "was not made in good faith"; and that Apple is entitled to a declaration that "sets FRAND terms and conditions for a global license to Ericson's cellular SEPs." Compl. ¶¶ 117, 123, 132. Those claims are a near mirror of the Ericsson Action – including a pointed consideration of whether Ericsson's 5G FRAND Offer satisfies FRAND – and must be dismissed since they are compulsory counterclaims in the Ericsson Action. *See, e.g.*, *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 882 (5th Cir. 1998) ("[T]he district court correctly determined that [the plaintiff's claim] is barred because it was a compulsory counterclaim that she failed to plead in [a prior action].").

Although this action and the Ericsson Action are both pending before this Court, there is no "same court" exception to Fed. R. Civ. P. 13(a). Rather, even where a party attempts to assert compulsory counterclaims in a "Related Action" within the same court, those claims must be dismissed and asserted in the original action. *See, e.g.*, *Bossier v. Freese & Goss PLLC*, No. 3:17-CV-1454-L-BK, 2017 WL 7087762, at *3 (N.D. Tex. Oct. 4, 2017) ("[T]he . . . compulsory counterclaims, which have been asserted in this [related] action [in the same court] as independent claims, are subject to dismissal . . . . [and shall be] asserted as compulsory counterclaims in [the related case]."), *report and recommendation adopted,* No. 3:17-CV-1454-L, 2018 WL 588243 (N.D. Tex. Jan. 29, 2018).

Apple defied the command of Fed. R. Civ. P. 13(a) and attempted to file in this proceeding what are plainly compulsory counterclaims in the Ericsson Action. The Court should dismiss Counts I through IV of Apple's Complaint and order Apple to refile them as counterclaims in the Ericsson Action so the parties can achieve complete relief in accordance with the Rules of Civil Procedure.

B.  **Ericsson Did Not Breach the 2015 GPLA and Count I Should Be Dismissed**

Count I of Apple's Complaint should, moreover, be dismissed for failure to state a claim both as to Ericsson's Action and Ericsson's suit in the Netherlands.

*First*, the Ericsson Action plainly does not violate the 2015 GPLA, ███████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ As Apple acknowledges, Ericsson's Action "seeks declarations that 'Ericsson has complied with its

commitment to ETSI that it is prepared to grant licenses to its Essential Patents on fair, reasonable, and nondiscriminatory terms' and 'that Ericsson has complied with the ETSI IPR Policy in all respects, and all other applicable laws that would affect Ericsson's prospective license to Apple.'" *Id.* ¶ 78. It does not seek a determination ███████████████████████████

To side-step this issue and craft a claim for breach, Apple makes the argument that Ericsson's allegations about *Ericsson's patents* somehow ███████████████████████████ ███████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████ This argument makes no logical sense: if Apple wants to charge a low royalty rate, or even give free licenses under Apple's essential patents, that is Apple's prerogative. Ericsson's complaint was focused on Ericsson's own FRAND commitment, *id.* ¶ 78, which Apple tacitly acknowledges ███████████████████ ███████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████████ ███████████████████████████

*Second,* Ericsson's litigation in the Netherlands likewise does not violate the 2015 GPLA. As Apple explains, Ericsson sought there "a temporary order stopping Apple from preventing or interfering with Ericsson's pursuit of injunctions or infringement litigation throughout the world – in other words, Ericsson sought from the Dutch court an anti-anti-suit injunction to prevent Apple from obtaining anti-suit injunctions against Ericsson anywhere in the world." *Id.* ¶ 84. As Apple alleges, Ericsson also attached – in an exemplary fashion – draft patent infringement complaints that might be filed *in the future*. *Id.* ¶ 86. Apple concedes these were "drafts." *Id.* Ericsson did not assert any patents against Apple in the Netherlands, nor did it challenge Apple's compliance with FRAND. Apple does not explain what provision of the 2015 License this breached because

it cannot. This action did not violate ████████████████████████████████

████

### C. Apple's Individual Patent Claims (Counts V through VII for Declarations of Non-Essentiality and Non-Infringement) Should Remain in This Action

Although Counts I through IV should be dismissed or severed and consolidated into the Ericsson Action for the reasons outlined above (if Count I is not dismissed with prejudice), Apple's individual patent claims (Counts V through VII) are not compulsory counterclaims and do not substantially overlap with the FRAND claim asserted in the Ericsson Action. *See, e.g.*, 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1418 (3d ed. 2001) (calling for dismissal of compulsory counterclaims on a claim-specific basis).

In the event the Court is inclined to consolidate the actions, Ericsson suggests that the Court keep Apple's patent infringement claims in this cause and not consolidate them with the Ericsson Action. Patent validity and infringement are properly addressed separately from the FRAND issues presented to the Court. The patent infringement claims will proceed on a much different track for discovery, scheduling, and trial. The patent claims will require patent disclosures, a claim construction hearing, and technical experts. They will add complexity and additional time to the trial, which should remain focused on the FRAND issues raised by the parties. For that reason, Counts V through VII should remain in this case.

### IV. CONCLUSION

For all these reasons, the Court should dismiss Counts I through IV of Apple's Complaint and order Apple to refile them as compulsory counterclaims in the Ericsson Action. In the alternative, the Court should sever Counts I through IV and consolidate them into the pending Ericsson Action and leave Counts V through VII in this action. To the extent the Court deems it appropriate to substantively address any of the claims, Count I should be dismissed with prejudice.

Dated: January 17, 2021

Theodore Stevenson, III (Lead Attorney)
Texas State Bar No. 19196650
ted.stevenson@alston.com
**ALSTON & BIRD**
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: (214) 922-3507
Facsimile: (214) 922-3899

Christine Woodin
Texas State Bar 24199951
cwoodin@hueston.com
**HUESTON HENNIGAN LLP**
523 West 6th St., Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4099
Facsimile: (888) 775-0898

Respectfully Submitted,

/s/ *Nicholas Mathews*
Nicholas Mathews
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Blake Bailey
Texas State Bar No. 24069329
bbailey@mckoolsmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

**ATTORNEYS FOR DEFENDANTS ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON**

- 16 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on January 17, 2021.

/s/ *Nicholas Mathews*
Nicholas Mathews