IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> TELEFONAKTIEBOLAGET LM ERICSSON AND ERICSSON INC., <br><br> Defendants. | Civil Action No. 2:21-cv-00460-JRG <br><br> **PUBLIC REDACTED** |

**ERICSSON'S REPLY IN SUPPORT OF MOTION TO DISMISS OR,
IN THE ALTERNATIVE, TO SEVER AND CONSOLIDATE**

Apple's Opposition is noteworthy for what it does *not* say.  Apple does *not* say that Counts I through IV of its Complaint arise out of a different transaction from Ericsson's October 4, 2021 declaratory request in *Ericsson Inc. and Telefonaktiebolaget LM Ericsson v. Apple Inc.*, No. 2:21-cv-376-JRG (Oct. 4, 2021, E.D. Tex.) (the "First-Filed Action").  Apple does *not* say that Counts I through IV need not be filed as compulsory counterclaims in the First-Filed Action if Apple's motion to dismiss that case (for purportedly being unripe) is denied.  Apple does *not* say that Ericsson's licensing offer to Apple complies with FRAND – the only question that Ericsson's First-Filed Action put before the Court.  And Apple does *not* say that Ericsson's assertion of patent rights against an unlicensed implementer that is profiting from Ericsson's patents is unlawful.  Apple cannot say any of these things because they are not true.

Rather than accept that Counts I through IV of its Complaint will have to be litigated as counterclaims to Ericsson's First-Filed Action, Apple attempts to deflect by airing its grievances about litigation that flows from its unlicensed use of Ericsson's technology.  While Apple's characterizations of that litigation are inaccurate, they are also irrelevant to the issue before the Court.  Counts I through IV of Apple's Complaint will have to be asserted in the First-Filed Action.  As Ericsson already has established in its briefing in the First-Filed Action, that dispute was ripe at the time of filing and the parties' competing FRAND claims must be litigated there.

## ARGUMENT

### I. Counts I Through IV are Compulsory Counterclaims in the First-Filed Action

Rule 13 speaks clearly:  "A pleading ***must*** state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1) (emphasis added).  The only exception is where a counterclaim was already pending in another proceeding "when the [first] action was commenced." *Id.* at 13(a)(2)A).  Apple's second-

filed lawsuit was not "pending" when Ericsson's First-Filed Action was commenced, so Apple's claims are compulsory counterclaims in the First-Filed Action.  Unless Apple waives its right to assert *any* FRAND claims against Ericsson, then its FRAND claims will have to be filed as compulsory counterclaims when it serves an answer in the First-Filed Action.

Apple's sole argument is that the "Court has not *yet* ruled on Apple's motion to dismiss Ericsson's complaint . . . [so] Apple has not *yet* filed responsive pleadings." Opp. at 5.  But this is the procedural version of the age-old question: which came first, the chicken or the egg?  If Ericsson's First-Filed Action is not dismissed, Apple will be forced by Rule 13 to assert its FRAND claims in that case as soon as it files an answer.  By also proceeding here, Apple would be claim-splitting by asserting completely overlapping claims in parallel federal proceedings.

Apple's decision to file its FRAND claims in this suit, rather than in the First-Filed Action, wasted the Court's and the parties' resources by forcing unnecessary litigation on two fronts.  That is why courts often short-circuit the process and dismiss or transfer a second-filed action while a motion to dismiss the first suit is still pending.  For instance, in *Cirk Tek, LLC v. Ong Invs., LC*, the defendant moved to dismiss or transfer the action in favor of a prior suit with substantially overlapping claims that was being challenged on jurisdictional grounds.  212 F. Supp. 3d 709 (W.D. Tex. 2016).  The court granted the defendant's motion and transferred the case notwithstanding the pending motion to dismiss to prevent procedural gamesmanship and "one of the very abuses the first-to-file rule is designed to prevent."  *Id.* at 713 (quoting *Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 606 (5th Cir. 1999); *see also Your Preferred Printer, LLC v. United Wholesale, LLC*, No. CIV.A. 11-2954, 2012 WL 3016771, at *4 (E.D. La. July 23, 2012) ("[The] presence of compulsory counterclaims weighs in favor of following the first-to-file rule . . . Ideally, once a court becomes aware that an action on its docket involves a claim that ***should***

***be*** a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the prior action." (cleaned up, emphasis added)).[1]

Apple's cited authority is inapplicable and readily distinguishable. Apple's only in-circuit authority is inapplicable, as it addresses requests for dismissal with prejudice as *res judicata* because a prior action *already* had been dismissed. *See Lawhorn v. Atl. Ref. Co.*, 299 F.2d 353, 355 (5th Cir. 1962) (refusing to dismiss claims with prejudice where prior action was dismissed before a responsive pleading was required); *accord Thomas & Betts Corp. v. Cooper Power Sys., Inc.*, No. 2:07-CV-313-CE, 2008 WL 11450546, at *1 (E.D. Tex. Sept. 26, 2008) (refusing to dismiss claim as *res judicata* where prior claim was dismissed before an answer was filed). Apple ignores that *Lawthorn* and *Thomas* denied dismissals *on the merits* when the plaintiffs already had *prevailed* on a motion to dismiss in the prior actions. But Ericsson does not seek dismissal with prejudice. It seeks a dismissal that gives Apple permission to refile, or transfer, into the First-Filed Action to avoid facial claim-splitting when Apple files its answer there.

And Apple's out-of-circuit authority is readily distinguishable. For instance, in *Seligson v. Plum Tree, Inc.*, the court found a claim was not a compulsory counterclaim only because its "later ***grant*** of [the plaintiff's] motion to dismiss was a determination that when the complaint here was filed, defendants in fact had no claim to which a counterclaim was required." 361 F. Supp. 748, 757 (E.D. Pa. 1973) (emphasis added). The reasoning in *Seligson* – which rested on the grant of a motion to dismiss – does not apply. Likewise, *BellSouth Intell. Prop. Corp. v. BoradVoice, Inc.* involved a prior action in the District of Massachusetts, which was challenged for lack of

---

[1] To avoid wasting judicial resources on second-filed actions like Apple's, courts dismiss or transfer later-filed cases even in the absence of any motion by the parties. *See Meganathan v. Signal Int'l L.L.C.*, No. 1:13-CV-497, 2015 WL 13906343, at *2 (E.D. Tex. June 17, 2015) ("The application or propriety of transfer under the first-to-file rule may be raised *sua sponte*.").

personal jurisdiction, and a later suit in the Northern District of Georgia. *BellSouth Intell. Prop. Corp. v. BroadVoice, Inc.*, No. 1:05-CV-2303-RWS, 2005 WL 8157368, at *1 (N.D. Ga. Dec. 14, 2005). Because resolution of the motion to dismiss in Massachusetts was out of the Northern District of Georgia's control, that court declined to dismiss the later suit only "until such time as the Massachusetts Court determines that it does have jurisdiction over BroadVoice's claim there." *Id.* at *1. Here, in contrast to *BellSouth*, both actions – and both motions to dismiss – are simultaneously pending in this Court and may be resolved at the same time.

**II. The ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Did Not Bar Ericsson's Declaratory Request**

Apple's breach of contract claim (Count I) fails under the unambiguous terms of the parties' 2015 cross-license (the "GPLA"). Apple cannot unilaterally declare that its Complaint "lays out the factual basis for its claim" and avoid dismissal when the contract's clear language dictates otherwise. Opp. at 11. Rather, "the interpretation of an unambiguous contract is a question of law for the court to decide." *Ibe v. Jones*, 836 F.3d 516, 526 (5th Cir. 2016). ▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The October 4, 2021, First-Filed Action sought only a declaration that Ericsson had *satisfied its own FRAND commitment*. Compl. ¶ 78. Similarly, Ericsson's litigation in the Netherlands merely sought to stop Apple from preventing Ericsson's infringement litigation and attached *exemplary* draft infringement complaints that might be filed in the future. *Id.* ¶ 86. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Given the narrow request in Ericsson's original complaint, Apple ▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ That is not true. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

███████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████

### III. The FRAND Claims and Patent Claims Should Proceed in Separate Actions

In its Response, Apple never explains why it plucked three patents for declaratory judgment relief from the *300* claim charts Ericsson gave Apple in their negotiations. Nor does Apple explain why obtaining a declaratory judgment of non-infringement for these three patents is important to the resolution of the licensing dispute between the parties. Apple merely argues there is an "evidentiary link between damages and FRAND determinations for patents within the same standard." Opp. at 13. That is not the question. Apple filed its declaratory judgment claims as to Ericsson's patents (Counts V through VII) in this separate action by choice, and Ericsson has sought dismissal or transfer of only the counts that will have to be filed as compulsory counterclaims in Ericsson's First-Filed Action. As a result, the question is whether Apple's declaratory judgment claims of non-infringement of three patents out of 300 "arise[] out of the same transaction or occurrence" as Ericsson's FRAND claim. They do not. Apple's patent claims should be heard separately in this later-filed action, as combining them with the FRAND claims would only create unnecessary complexity in what would otherwise be a FRAND case.

Apple represented to the Court that it wanted the FRAND dispute "to move forward on an expeditious" timeline. Dkt. 20 at 4. If Apple is serious about expedited resolution of the FRAND claims, then the FRAND claims should proceed without the unnecessary complexity of added patent claims – and not in a procedurally improper second-filed suit.

Dated: February 9, 2022

Theodore Stevenson, III (Lead Attorney)
Texas State Bar No. 19196650
ted.stevenson@alston.com
**ALSTON & BIRD**
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: (214) 922-3507
Facsimile: (214) 922-3899

Christine Woodin
Texas State Bar 24199951
cwoodin@hueston.com
**HUESTON HENNIGAN LLP**
523 West 6th St., Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4099
Facsimile: (888) 775-0898

Respectfully Submitted,

/s/ *Nicholas Matthews*
Nicholas Mathews
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Blake Bailey
Texas State Bar No. 24069329
bbailey@mckoolsmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

**ATTORNEYS FOR DEFENDANT ERICSSON INC.**

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on February 9, 2022.

/s/ *Nicholas Mathews*
Nicholas Mathews