## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| APPLE INC., <br><br>       Plaintiff, <br><br> v. <br><br> TELEFONAKTIEBOLAGET LM ERICSSON and ERICSSON INC., <br><br>       Defendants. | Civil Action No. 2:21-cv-460-JRG <br><br> JURY TRIAL DEMANDED |

## DEFENDANTS' ANSWER TO THE COMPLAINT AND COUNTERCLAIMS FOR PATENT INFRINGEMENT

Defendants Telefonaktiebolaget LM Ericsson and Ericsson Inc. (collectively "Ericsson") file this Answer and Counterclaims to Plaintiff Apple Inc.'s ("Apple") Complaint and Counterclaims for Patent Infringement. Except as hereinafter specifically admitted, qualified, or affirmatively alleged, Ericsson denies each and every allegation, matter, or thing contained in the Complaint. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts.

## INTRODUCTION[1]

1.     Ericsson admits that in December 2015, Apple and Ericsson signed a license agreement. Except as expressly admitted, denied.

---

[1] Headings and subheadings are copied from the Complaint for ease of reference only. These headings and subheadings do not require any response and do not constitute an admission or denial of any purported fact or allegation. To the extent a response is required to any allegation in the Complaint's headings or subheadings, Ericsson denies those allegations.

2.      Denied.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Denied.

## **PARTIES**

7.      Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and on that basis denies them.

8.      Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis denies them.

9.      Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis denies them.

10.      Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis denies them.

11.      Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis denies them.

12.      Ericsson admits that it is a manufacturer of 5G base stations and other equipment used by cellular service providers, that AT&T, Verizon, T-Mobile, and U.S. Cellular are cellular service providers, and that various Apple products can send and receive, over cellular networks, telephone calls and/or other voice and video communications, text messages, and Internet data. Except as expressly admitted, denied.

13.     Ericsson admits that Telefonaktiebolaget LM Ericsson is a corporation organized and existing under the laws of Sweden with a principal place of business at Torshamnsgatan 21, Kista, Stockholm, 164 83, Sweden.

14.     Ericsson admits that Ericsson Inc. is a corporation organized and existing under the laws of Delaware with a principal place of business at 6300 Legacy Drive, Plano, Texas 75024. Ericsson Inc. is a Delaware corporation that is wholly-owned by Ericsson Holding II Inc., which is also a Delaware corporation. Ericsson Holding II Inc. is wholly-owned by Telefonaktiebolaget LM Ericsson. Except as expressly admitted, denied.

15.     Ericsson admits that it formerly manufactured handsets. Except as expressly admitted, denied.

16.     Ericsson admits that it was formerly in the handset business through a joint venture. Except as expressly admitted, denied.

17.     Ericsson admits that its business includes network infrastructure equipment and that it licenses its patents. Ericsson admits that in 2020, it had over 100 signed license agreements and over $1 billion in licensing revenue. Except as expressly admitted, denied.

## JURISDICTION

18.     Ericsson does not dispute that this Court has subject-matter jurisdiction over Apple's claims for breach of contract, but denies that Apple is entitled to any relief. Except as expressly admitted, denied.

19.     Ericsson does not dispute that this Court has diversity jurisdiction over this matter. Except as expressly admitted, denied.

20.     Ericsson does not dispute that venue is proper in this District and admits that Ericsson Inc. resides in this District. Except as expressly admitted, denied.

21.     Ericsson does not dispute that Ericsson has consented to personal jurisdiction in this District in this case. Except as expressly admitted, denied.

22.     Admitted.

23.     Ericsson admits that Apple purports to quote from a linked document. Except as expressly admitted, denied.

24.     Ericsson admits that Apple purports to quote from a linked document. Except as expressly admitted, denied.

25.     Ericsson admits that it does business in Texas. Except as expressly admitted, denied.

26.     Ericsson admits that Ericsson licensing executives based in Texas have negotiated with Apple about Ericsson's SEPs. Except as expressly admitted, denied.

## **BACKGROUND**

### A.     **ETSI and its Intellectual Property Rights Policy**

27.     Ericsson admits that the European Telecommunications Standards Institute ("ETSI") is an independent, non-profit standard-setting organization ("SSO") that produces globally-accepted standards for the telecommunications industry. Ericsson admits that ETSI has more than 900 members from 65 countries across five continents. Ericsson admits that ETSI and its members have helped to create many telecommunication standards, including the 2G GSM, 3G WCDMA/UMTS, 4G LTE, and 5G NR cellular communication standards. Except as expressly admitted, denied.

28.     Ericsson admits that ETSI is one of the 7 organizational partners in 3GPP. Ericsson admits that ATIS is a United States based organizational partner of ETSI. Except as expressly admitted, denied.

29.     Ericsson admits that Apple purports to quote from 3GPP's IPR Policy. Except as expressly admitted, denied.

30.     Admitted.

31.     Ericsson admits that standards are beneficial to consumers and that one benefit of standardization is that devices made by one company can communicate with devices made by other companies. Except as expressly admitted, denied.

32.     Denied.

33.     Ericsson admits that some SSOs have adopted IPR policies. Except as expressly admitted, denied.

34.     Ericsson admits that ETSI has adopted an IPR Policy, incorporated as Annex 6 of the ETSI Rules of Procedure. Ericsson admits that the ETSI IPR Policy is governed by the laws of France and that Apple purports to quote from the ETSI IPR Policy. Except as expressly admitted, denied.

35.     Ericsson admits that Apple purports to quote from the ETSI IPR Policy. Except as expressly admitted, denied.

36.     Ericsson admits that the ETSI IPR Policy is a voluntary undertaking and that Apple purports to quote from the ETSI IPR Policy. Except as expressly admitted, denied.

37.     Ericsson admits that Apple purports to quote from the ETSI IPR Policy. Except as expressly admitted, denied.

38.     Ericsson admits that Apple purports to quote from the ETSI IPR Policy. Except as expressly admitted, denied.

39.     Ericsson admits that the ETSI IPR Policy provides that: "As long as the requested undertaking of the IPR owner is not granted, the COMMITTEE Chairs should, if appropriate, in

consultation with the ETSI Secretariat use their judgment as to whether or not the COMMITTEE should suspend work on the relevant parts of the STANDARD or TECHNICAL SPECIFICATION until the matter has been resolved and/or submit for approval any relevant STANDARD or TECHNICAL SPECIFICATION." Except as expressly admitted, denied.

40.    Ericsson admits that Appendix A to the ETSI IPR Policy provides IPR Declaration forms and that Apple purports to quote from the ETSI IPR Policy. Except as expressly admitted, denied.

41.    Denied.

42.    Denied.

43.    Ericsson admits that Apple purports to quote from briefing in *Ericsson Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:20-cv-380-JRG. Except as expressly admitted, denied.

**B.    Apple's Alleged Cellular SEP Licensing Program**

44.    Denied.

45.    Denied.

46.    Ericsson admits that Apple's so-called "FRAND principles" are found on its website at https://www.apple.com/legal/intellectual-property/frand/ and that Apple purports to quote from this website, but Ericsson denies that these "principles" are in accordance with FRAND. Except as expressly admitted, denied.

**C.    Ericsson's SEP Licensing Program**

47.    Ericsson admits that it has a portfolio of SEPs that are essential to the cellular standards and that Ericsson has made voluntary commitments to license its SEPs on FRAND terms. Except as expressly admitted, denied.

48.     Ericsson admits that Apple purports to quote from a 2002 press release. Except as expressly admitted, denied.

49.     Ericsson admits that Apple purports to quote from a 2007 earnings call. Except as expressly admitted, denied.

50.     Ericsson admits that Apple purports to quote from multiple documents. Except as expressly admitted, denied.

**D.     Apple and Ericsson's 2015 License**

51.     Ericsson admits that Apple purports to quote from a December 21, 2015 press release announcing a license with Apple. Except as expressly admitted, denied.

52.     Ericsson admits that Apple purports to quote from a 2015 press release. Except as expressly admitted, denied.

53.     Ericsson admits that Apple purports to quote from the parties' 2015 License. Except as expressly admitted, denied.

54.     Denied.

55.     Ericsson admits that Apple purports to quote from the parties' 2015 License. Except as expressly admitted, denied.

56.     Ericsson admits that Apple did not grant Ericsson a covenant not to sue on Patents excluding Licensed Patents. Except as expressly admitted, denied.

57.     Ericsson admits that Apple purports to quote from the parties' 2015 License, but denies its characterization of the effect of the quoted section. Except as expressly admitted, denied.

58.     Ericsson admits that Apple purports to quote from the parties' 2015 License. Except as expressly admitted, denied.

59.     Ericsson admits that Apple purports to quote from the parties' 2015 License. Except as expressly admitted, denied.

60.     Ericsson admits that Apple attempts to characterize the payment terms of the 2015 License and that Apple paid Ericsson under the 2015 License. Except as expressly admitted, denied.

**E.    Apple and Ericsson's Discussions of a New License and Ensuing Litigation**

61.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and on that basis denies them.

62.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and on that basis denies them.

63.     Denied.

64.     Ericsson admits that it reached out to Apple in late 2020 to begin negotiations for a new license agreement in advance of the 2015 License's expiration. Ericsson denies Apple is willing to take a license on FRAND terms. Except as expressly admitted, denied.

65.     Ericsson admits that it and Apple agreed to negotiate for a non-disclosure agreement in the license negotiations. Except as expressly admitted, denied.

66.     Ericsson admits that Apple emailed Ericsson on June 9, 2021 and that the email speaks for itself. Except as expressly admitted, denied.

67.     Ericsson admits that it sent Apple and email on June 18, 2021 and that the email speaks for itself. Except as expressly admitted, denied.

68.     Ericsson admits that Apple emailed Ericsson on June 25, 2021 and that the email speaks for itself. Except as expressly admitted, denied.

69.     Ericsson admits that it sent Apple an email on July 2, 2021 and that the email speaks for itself. Except as expressly admitted, denied.

70.     Ericsson admits that Apple emailed Ericsson on July 13, 2021 and that the email speaks for itself. Except as expressly admitted, denied.

71.     Ericsson admits that the parties exchanged claim charts on August 20, 2021. Ericsson admits that the parties met on September 21, 2021. Ericsson admits that the parties exchanged additional claim charts on September 27, 2021. Ericsson admits that the parties met on October 26, 2021. Ericsson admits that the parties exchanged additional claim charts on November 1, 2021. Ericsson admits that the parties met on November 30, 2021. Ericsson admits that Apple did not concede to the essentiality and value of the claim charts Ericsson provided. Except as expressly admitted, denied.

72.     Ericsson admits that it emailed Apple on September 20, 2021, that the email speaks for itself, and that Apple purports to quote from this email. Except as expressly admitted, denied.

73.     Ericsson admits that Apple sent Ericsson a letter on September 29, 2021 and that the letter speaks for itself. Except as expressly admitted, denied.

74.     Ericsson admits that on September 29, 2021, it requested a defensive, anti-antisuit injunction from a court in the Netherlands. Except as expressly admitted, denied.

75.     Ericsson admits that it emailed Apple on September 30, 2021, that the email speaks for itself, and that Apple purports to quote from this email. Except as expressly admitted, denied.

76.     Ericsson admits that it emailed Apple on October 4, 2021, that the email speaks for itself, and that Apple purports to quote from this email. Except as expressly admitted, denied.

77.     Ericsson admits that Ericsson filed a complaint against Apple in this Court at 4:31 p.m. Central Time, that the complaint speaks for itself, and that Apple purports to quote from Ericsson's complaint against Apple. Except as expressly admitted, denied.

78.     Ericsson admits that Apple purports to quote from Ericsson's complaint against Apple and that the complaint speaks for itself. Except as expressly admitted, denied.

79.     Ericsson admits that Apple purports to quote from Ericsson's complaint against Apple and that the complaint speaks for itself. Except as expressly admitted, denied.

80.     Ericsson admits that Apple purports to quote from Ericsson's complaint against Apple and that the complaint speaks for itself. Except as expressly admitted, denied.

81.     Ericsson admits that Apple purports to quote from Ericsson's complaint against Apple and that the complaint speaks for itself. Except as expressly admitted, denied.

82.     Denied.

83.     Ericsson admits that Apple purports to quote from Ericsson's complaint against Apple. Except as expressly admitted, denied.

84.     Ericsson admits that on September 29, 2021, it requested a defensive, anti-antisuit injunction from a court in the Netherlands. Except as expressly admitted, denied.

85.     Denied.

86.     Ericsson admits that Apple purports to quote from a filing in the Dutch proceedings. Except as expressly admitted, denied.

87.     Denied.

88.     Denied.

89.     Ericsson admits that Apple sent Ericsson an email on October 5, 2021 and that Ericsson sent Apple and email on October 5, 2021, that these emails speak for themselves, and that Apple purports to quote from these documents. Except as expressly admitted, denied.

90.     Ericsson admits that Apple sent Ericsson a letter on October 10, 2021, that the letter speaks for itself, and that Apple purports to quote from that letter. Except as expressly admitted, denied.

91.     Ericsson admits that Apple purports to quote from *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, No. 6:18-cv-00243-JRG (E.D. Tex. June 4, 2018), Dkt. No. 89. Except as expressly admitted, denied.

92.     Denied.

93.     Ericsson admits that Apple sent Ericsson a letter on November 19, 2021 and that the letter speaks for itself. Except as expressly admitted, denied.

94.     Ericsson admits that Apple sent Ericsson a letter on November 22, 2021 and that the letter speaks for itself. Except as expressly admitted, denied.

95.     Ericsson admits that Apple sent Ericsson a letter on December 17, 2021 and that the letter speaks for itself. Except as expressly admitted, denied.

96.     Ericsson admits that Apple purports to quote from cited documents. Except as expressly admitted, denied.

**F.      Three of Ericsson's 5G Patents**

97.     Ericsson admits that it is the owner of U.S. Patent No. 10,374,768 ("'768 patent"), which is entitled "Efficient SRS Resource Indication Methods."  Ericsson admits that the '768 patent lists Robert Mark Harrison, Sebastian Faxér, Andreas Nilsson, and Sven Petersson as inventors and lists Ericsson as the assignee. Except as expressly admitted, denied.

98.     Ericsson admits that it has declared the '768 patent to ETSI as a patent that is or may become essential to the 5G standard and that Apple needs a license to the '768 patent. Except as expressly admitted, denied.

99.     Denied.

100.    Ericsson admits that it is the owner of U.S. Patent No. 10,644,724 ("'724 patent"), which is entitled "Shift Values For Quasi-cyclic LDPC Codes."  Ericsson admits that the '724 patent lists Sara Sandberg, Mattias Andersson, and Yufei Blankenship as inventors and lists Ericsson as the assignee. Except as expressly admitted, denied.

101.    Ericsson admits that it has declared the '724 patent to ETSI as a patent that is or may become essential to the 5G standard and that Apple needs a license to the '724 patent. Except as expressly admitted, denied.

102.    Denied.

103.    Ericsson admits that it is the owner of U.S. Patent No. 11,039,312 ("'312 patent"), which is entitled "Handling of Multiple Authentication Procedures in 5G."  Ericsson admits that the '312 patent lists Vesa Lehtovirta, Noamen Ben Henda, David Castellanos Zamora, and Monica Wifvesson as inventors and lists Ericsson as the assignee. Except as expressly admitted, denied.

104.    Ericsson admits that it has declared the '312 patent to ETSI as a patent that is or may become essential to the 5G standard and that Apple needs a license to the '312 patent. Except as expressly admitted, denied.

105.    Denied.

### <u>COUNT I</u>
### <u>([Alleged] Breach of the 2015 License Agreement)</u>

106.    Ericsson repeats and incorporates by reference each preceding paragraph as if fully set forth herein.

107.    Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

108.     Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

109.     Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

110.     Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

## COUNT II
### ([Alleged] Breach of Ericsson's FRAND Contractual Commitments)

111.     Ericsson repeats and incorporates by reference each preceding paragraph as if fully set forth herein.

112.     Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

113.     Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

114.     Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

115.    Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

116.    Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

117.    Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

118.    Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

**COUNT III**
**([Alleged] Breach of Duty of Good Faith)**

119.    Ericsson repeats and incorporates by reference each preceding paragraph as if fully set forth herein.

120.    Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

121.    Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

122.     Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

123.     Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

124.     Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

<u>**COUNT IV**</u>
<u>**(Declaration of FRAND Royalties for Ericsson's Global Cellular SEP Portfolio)**</u>

125.     Ericsson repeats and incorporates by reference each preceding paragraph as if fully set forth herein.

126.     Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

127.     Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

128.     Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

129.    Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

130.    Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

131.    Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

132.    Pursuant to the Court's March 23, 2022 Order (Dkt. No. 37), Counts I-IV were severed from this action. Thus, no response is necessary to this paragraph of the Complaint. To the extent any response in this action is necessary: denied.

**COUNT V**
**(Declaratory Judgment of [Alleged] Non-Essentiality and Non-Infringement of U.S.**
**Patent No. 10,374,768)**

133.    Ericsson repeats and incorporates by reference each preceding paragraph as if fully set forth herein.

134.    Ericsson admits that Apple correctly reproduced claim 1 of the '768 patent.

135.    Denied.

136.    Denied.

137.    Ericsson does not contest that, at present, this Court may exercise jurisdiction over this Count of the Complaint pursuant to 28 U.S.C. § 2201. The remainder of this paragraph of the Complaint states a legal conclusion to which no response is necessary. To the extent that any response is necessary:  denied.

138.    This paragraph of the Complaint states a request for relief to which no response is necessary. To the extent that any response is necessary:  denied.

## COUNT VI
### (Declaratory Judgment of [Alleged] Non-Essentiality and Non-Infringement of U.S. Patent No. 10,644,724)

139.    Ericsson repeats and incorporates by reference each preceding paragraph as if fully set forth herein.

140.    Ericsson admits that Apple correctly reproduced portions of claim 7 of the '724 patent, but denies that the entirety of claim 7 of the '724 patent is recited in this paragraph of the Complaint.

141.    Denied.

142.    Denied.

143.    Ericsson does not contest that, at present, this Court may exercise jurisdiction over this Count of the Complaint pursuant to 28 U.S.C. § 2201. The remainder of this paragraph of the Complaint states a legal conclusion to which no response is necessary. To the extent that any response is necessary:  denied.

144.    This paragraph of the Complaint states a request for relief to which no response is necessary. To the extent that any response is necessary:  denied.

## COUNT VII
### (Declaratory Judgment of [Alleged] Non-Essentiality and Non-Infringement of U.S. Patent No. 11,039,312)

145.    Ericsson repeats and incorporates by reference each preceding paragraph as if fully set forth herein.

146.    Ericsson admits that Apple correctly reproduced claim 15 of the '312 patent.

147.    Denied.

148.    Denied.

149.    Ericsson does not contest that, at present, this Court may exercise jurisdiction over this Count of the Complaint pursuant to 28 U.S.C. § 2201. The remainder of this paragraph of the Complaint states a legal conclusion to which no response is necessary. To the extent that any response is necessary:  denied.

150.    This paragraph of the Complaint states a request for relief to which no response is necessary. To the extent that any response is necessary:  denied.

## ANSWER TO PRAYER FOR RELIEF

To the extent any response is required to any paragraph of Apple's Prayer for Relief, Ericsson denies that Apple is entitled to any of the requested relief and denies any allegations in Apple's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Subject to its responses above, and upon information and belief, Ericsson alleges and asserts the following defenses in response to the allegations of the Counterclaims. In addition to the defenses described below, Ericsson specifically reserves the right to allege additional defenses that become known through the course of this action in accordance with any relevant docket control order.

## FIRST AFFIRMATIVE DEFENSE
## (Infringement)

Apple has infringed and continues to infringe at least one valid and enforceable claim of the '768, '724, and '312 patents (collectively, the "Patents").

## COUNTERCLAIMS

Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson") file these counterclaims for patent infringement against Apple Inc. ("Apple"), and allege as follows:

## THE PARTIES

1.      Counterclaim Plaintiff Ericsson Inc. is a Delaware corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

2.      Plaintiff Telefonaktiebolaget LM Ericsson ("LME") is a corporation organized under the laws of the Kingdom of Sweden with its principal place of business at Torshamnsgatan 21, Kista, 164 83, Stockholm, Sweden.

3.      Ericsson owns a valuable portfolio of patents that are globally used in cellular handsets, smartphones, tablet computers, televisions, and many other electrical devices.

4.      Counterclaim Defendant Apple Inc. is a corporation organized under the laws of the State of California, having its principal place of business at 1 Apple Park Way in Cupertino, California 95014. Apple designs, manufactures, and sells mobile devices, such as smartphones and tablets, that operate on fifth generation (5G) cellular networks around the world and in the United States.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to claims arising under the Patent Act, 35 U.S.C. § 101 et seq., and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

19

6.      This Court has personal jurisdiction over Apple because Apple availed itself of the jurisdiction of this Court and engaged in acts giving rise to this controversy in this district, including selling Apple products into this District.

7.      Apple consented to venue in this Court by filing its Complaint against Ericsson in this District and thus venue for Ericsson's Counterclaim is proper in this district.

## THE ASSERTED PATENTS

8.      On August 6, 2019, the United States Patent and Trademark Office (USPTO) issued U.S. Patent No. 10,374,768 ("the '768 patent"), entitled "Efficient SRS Resource Indication Methods," with inventors Robert M. Harrison, Sebastian Faxér, Andreas Nilsson, and Sven Petersson. LME is the sole owner of the '768 patent.

9.      On May 5, 2020, the USPTO issued U.S. Patent No. 10,644,724 ("the '724 patent"), entitled "Shift Values for Quasi-Cyclic LDPC Codes," with inventors Sara Sandberg, Mattias Andersson, and Yufei Blankenship. LME is the sole owner of the '724 patent.

10.      On June 15, 2021, the USPTO issued U.S. Patent No. 11,039,312 ("the '312 patent"), entitled "Handling of Multiple Authentication Procedures in 5G," with inventors Vesa Lehtovirta, Noamen B. Henda, David C. Zamora, and Monica Wifvesson. LME is the sole owner of the '312 patent.

## COUNTERCLAIM COUNT I
### (Infringement of the '768 Patent)

11.      Ericsson repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

12.      Apple has infringed and continues to infringe at least claim 1 of the '768 patent in violation of 35 U.S.C. § 271 through the unauthorized manufacture, use, sale, offer for sale, and importation of mobile devices that support the ETSI 5G NR cellular communication standard.

Such products include but are not limited to the iPhone 13 Pro, the iPhone 13 Pro Max, the iPhone 13, the iPhone 13 mini, the iPhone SE, the iPhone 12, and the iPhone 12 mini. Such products also include but are not limited to the cellular versions of the iPad Pro 12.9 inch (5th Generation), the iPad Pro 11-inch (3rd Generation), the iPad Air (5th Generation), and the iPad mini (6th Generation).

13.     Apple's infringement has been direct and indirect, as Apple induced infringement of the '768 patent through its customers' use of the infringing products. In particular, Apple had pre-suit knowledge of the '768 patent as evidenced by its decision to file a declaratory judgment action involving the '768 patent. Apple knew that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement. On information and belief, Apple specifically intended and was aware that the normal and customary use of the infringing products would infringe the '768 patent and intended to induce infringement of the '768 patent by, amongst other things, instructing its customers through advertising, promotion, and support materials to utilize the 5G features of the infringing products.

14.     Apple's infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

15.     Apple's infringement of at least claim 1 of the '768 patent has injured and continues to injure Ericsson in an amount to be proven at trial.

## COUNTERCLAIM COUNT II
### (Infringement of the '724 Patent)

16.     Ericsson repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

17.     Apple has infringed and continues to infringe at least claim 7 of the '724 patent in violation of 35 U.S.C. § 271 through the unauthorized manufacture, use, sale, offer for sale, and importation of mobile devices that support the ETSI 5G NR cellular communication standard.

Such products include but are not limited to the iPhone 13 Pro, the iPhone 13 Pro Max, the iPhone 13, the iPhone 13 mini, the iPhone SE, the iPhone 12, and the iPhone 12 mini. Such products also include but are not limited to the cellular versions of the iPad Pro 12.9 inch (5th Generation), the iPad Pro 11-inch (3rd Generation), the iPad Air (5th Generation), and the iPad mini (6th Generation).

18.     Apple's infringement has been direct and indirect, as Apple induced infringement of the '724 patent through its customers' use of the infringing products. In particular, Apple had pre-suit knowledge of the '724 patent as evidenced by its decision to file a declaratory judgment action involving the '724 patent. Apple knew that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement. On information and belief, Apple specifically intended and was aware that the normal and customary use of the infringing products would infringe the '724 patent and intended to induce infringement of the '724 patent by, amongst other things, instructing its customers through advertising, promotion, and support materials to utilize the 5G features of the infringing products.

19.     Apple's infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

20.     Apple's infringement of at least claim 7 of the '724 patent has injured and continues to injure Ericsson in an amount to be proven at trial.

## COUNTERCLAIM COUNT III
### (Infringement of the '312 Patent)

21.     Ericsson repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

22.     Apple has infringed and continues to infringe at least claim 15 of the '312 patent in violation of 35 U.S.C. § 271 through the unauthorized manufacture, use, sale, offer for sale, and importation of mobile devices that support the ETSI 5G NR cellular communication standard.

Such products include but are not limited to the iPhone 13 Pro, the iPhone 13 Pro Max, the iPhone 13, the iPhone 13 mini, the iPhone SE, the iPhone 12, and the iPhone 12 mini. Such products also include but are not limited to the cellular versions of the iPad Pro 12.9 inch (5th Generation), the iPad Pro 11-inch (3rd Generation), the iPad Air (5th Generation), and the iPad mini (6th Generation).

23.    Apple's infringement has been direct and indirect, as Apple induced infringement of the '312 patent through its customers' use of the infringing products. In particular, Apple had pre-suit knowledge of the '312 patent as evidenced by its decision to file a declaratory judgment action involving the '312 patent. Apple knew that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement. On information and belief, Apple specifically intended and was aware that the normal and customary use of the infringing products would infringe the '312 patent and intended to induce infringement of the '312 patent by, amongst other things, instructing its customers through advertising, promotion, and support materials to utilize the 5G features of the infringing products.

24.    Apple's infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

25.    Apple's infringement of at least claim 15 of the '312 patent has injured and continues to injure Ericsson in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Ericsson prays for judgment and relief as follows:

A.    An entry of judgment holding Apple infringed and is infringing the '768, '724, and '312 patents and that, as such, the '768, '724, and '312 patents are essential to the applicable ETSI 5G NR cellular communication standards;

B.      To the extent that Apple declines a FRAND-complaint offer to license Ericsson's standard-essential patent portfolio, an injunction prohibiting Apple and its agents, officers, servants, employees, and all persons in active concert or participation with Apple from making, using, selling, offering for sale, or importing products that infringe the '768, '724, and '312 patents;

C.      An award to Ericsson of such damages as it shall prove at trial against Apple that are adequate to fully compensate Ericsson for Apple's infringement of the '768, '724, and '312 patents;

D.      A finding that this case is "exceptional," and an award to Ericsson of its costs and reasonable attorneys' fees, as provided by 35 U.S.C. § 285;

E.      An accounting of all infringing sales and revenues, together with post-judgment interest and pre-judgment interest from the first date of infringement of the '768, '724, and '312 patents; and

F.      Such further and other relief as the Court may deem proper and just.

Dated: April 6, 2022

*/s/ Ross R. Barton*
Theodore Stevenson, III (Lead Attorney)
Texas State Bar No. 19196650
ted.stevenson@alston.com
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: (214) 922-3507
Facsimile: (214) 922-3899

Ross R. Barton
North Carolina State Bar No. 37179
ross.barton@alston.com
**ALSTON & BIRD LLP**
101 S. Tryon St., Suite 4000
Charlotte, North Carolina 28280
Telephone: (704) 444-1000
Facsimile: (704) 444-1111

Bryan Lutz (*pro hac vice*)
Georgia Bar No. 915395
bryan.lutz@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA  30309-3424
Telephone: 404-881-7000
Facsimile: 404-881-7777

Christine Woodin
Texas State Bar 24199951
cwoodin@hueston.com
**HUESTON HENNIGAN LLP**
523 West 6th St., Suite 400
Los Angeles, CA 90014
Telephone:(213) 788-4099
Facsimile: (888) 775-0898

Respectfully Submitted,

Nicholas Mathews
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
Alexander Chern
Texas State Bar No. 24109718
achern@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Blake Bailey
Texas State Bar No. 24069329
bbailey@mckoolsmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

John Holley
Texas State Bar No. 24078678
jholley@McKoolSmith.com
**MCKOOL SMITH, P.C.**
1999 K Street, NW Suite 600
Washington, DC 20006
Telephone: (202) 370-8300
Facsimile: (202) 370-8344

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

**ATTORNEYS FOR DEFENDANTS AND COUNTERCLAIM PLAINTIFFS ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has

been served on all counsel of record via the Court's ECF system on April 6, 2022.


*/s/ Ross R. Barton*
Ross R. Barton