UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> TELEFONAKTIEBOLAGET LM ERICSSON and ERICSSON INC., <br><br> Defendants. | C.A. No. 2:21-cv-00460-JRG |

**PLAINTIFF APPLE INC.'S MOTION TO STAY**

Apple respectfully requests the Court stay the above-captioned action pending resolution of the parties' portfolio-wide FRAND claims in *Ericsson Inc. v. Apple Inc.*, No. 2:21-CV-00376-JRG (the "-376 action").

**I.     BACKGROUND**

On March 23, 2022, the Court issued an order that, among other measures, severed Apple's Counts I-IV in this action for merger and consolidation in the -376 action. -376 action, ECF 46 at 11-12. The Court also set a trial date in the -376 action of December 5, 2022. -376 action, ECF 49.

During the scheduling conference for this action and the -376 action, both parties expressed agreement that the -376 action would lead to a binding resolution of the parties' dispute. *See* March 16, 2022 Scheduling Conference Tr. at 13:19-17:3. Since then, Ericsson has claimed, incorrectly, that Apple is "retreating" from that commitment. -376 action, ECF 64 at 2. But as Apple reaffirmed in opposing Ericsson's motion, "***Apple is committed to being bound by this***

*Court's determination of FRAND terms for a global license between Apple and Ericsson.*" -376 action, ECF 73 at 1 (emphasis in original).

In this action, the remaining claims are Apple's claims seeking declaratory judgments of non-infringement and non-essentiality of three patents that Ericsson claims are essential to the 5G cellular standard and, as of April 6, Ericsson's claims that its patents are infringed by Apple products. *See* ECF 55 at 16-18 (denying Apple's allegations of non-essentiality to 5G standards), 20-23 (alleging infringement based on Apple products use of 5G standards).

**II.     ARGUMENT**

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Secure Axcess, LLC v. Nintendo of Am. Inc.*, No. 2:13-CV-289-JRG, 2014 WL 12951781, at *1 (E.D. Tex. Feb. 10, 2014) (Gilstrap, J.) (quoting *Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted)); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997). "Management of the court's docket requires 'the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In deciding whether to stay a case, the Court considers: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issue in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Nichia Corp. v. Mary Elle Fashions, Inc.*, No. 2:16-CV-615-JRG, 2016 WL 9558954, at *1 (E.D. Tex. Dec. 22, 2016) (Gilstrap, J.) (quoting *Lodsys, LLC v. Brother Int'l Corp.*, 2:11-cv-90, 2013 WL 1338767, at *10 (E.D. Tex. Jan. 14, 2013)). "Stays are favored in the interest of conserving judicial and party resources, and avoiding duplicitous litigation." *Id*.

Here, a stay is warranted under each of the relevant considerations:

***First***, the -376 action will resolve the dispute between the parties as to the terms of a FRAND cross-license, resulting in Apple being licensed to Ericsson's claimed-essential patents, including the three patents at issue in this action, and Apple paying FRAND royalties to Ericsson on a portfolio-wide basis.  Any relief in this case will be mooted by the result in the -376 case as Apple will be licensed to the three asserted patents.  Accordingly, Ericsson will not be prejudiced by a stay.

During meet-and-confer, Ericsson's counsel contended that Apple would need to stipulate to the essentiality of the three patents asserted in this action in order for them to be included under Ericsson's proposed license to Apple.  There are two flaws with that argument.  It first mischaracterizes Ericsson's license offer to Apple.  Ericsson's proposed license defines Licensed Patents to include patents that Ericsson ***claims*** are essential: "those Patents (in any country of the world) as to which it is, ***or is claimed by the owner to be***, not possible on technical grounds taking into account normal technical practice and the state of the art generally available at the time of adoption or publication of the relevant Standards, to make, sell, offer for sale, lease or otherwise dispose of and import, repair, use or operate equipment or methods which comply with the relevant Standards, without infringing such Patents."  Ex. 1 [Ericsson Nov. 2, 2021 proposed license agreement], ¶ 1.22 (emphasis added).  In addition, even if Ericsson's counsel were correct about the terms of the Ericsson offer, the position assumes that the only offer at issue in the December trial is Ericsson's, which is incorrect.  *See* -376 action, ECF 73 at 4.  The -376 action therefore will result in a license to the three patents at issue in this case because Ericsson has claimed they are essential, regardless of whether the patents are in fact essential or stipulated as such.

***Second***, a stay will streamline the issues for the parties and the Court and avoid work that will be mooted by the determination in the -376 action.  There is little sense in the parties and the

Court devoting the resources to litigating this action in anticipation of a trial to occur months after the trial in the -376 action that will resolve the issues in this action. Indeed, during the March 16, 2022 scheduling conference for this and the -376 action, the Court described that for the -376 action to move "expeditiously," the "responsibility falls on every layer of this litigation, not just the Court and not just the counsel. It involves the parties behind the counsel and their commitment to be cooperative and productive[.]" March 16, 2022 Hearing Tr. at 19:21-25. One step for the parties to advance the litigation of the -376 action is to put this case on pause given that the -376 action will moot this one.

*Third*, although a trial date has been set here, this action is in its earliest stages with Discovery and Protective Orders only having been entered last week. ECF 61, 62. No substantive discovery has been exchanged. Staying the case now will, as described above, preserve judicial and party resources to focus on the -376 action.

\*\*\*

For the foregoing reasons, Apple respectfully requests that the Court stay the proceedings in the above-captioned action pending the resolution of the -376 action.

DATED: April 19, 2022

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

Ruffin Cordell
cordell@fr.com

Joseph J. Mueller (*pro hac vice*)
Timothy D. Syrett (*pro hac vice*)

State Bar No. 04820550
FISH & RICHARDSON P.C.
1000 Maine Ave SW, Suite 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile: 202-783-2331

Benjamin C. Elacqua
State Bar No. 24055443
elacqua@fr.com
FISH & RICHARDSON P.C.
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Betty Chen
State Bar No. 24056720
bchen@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: 650-839-5070
Facsimile: 650-839-5071

joseph.mueller@wilmerhale.com
timothy.syrett@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
Facsimile: 617-526-5000

Mark D. Selwyn (*pro hac vice*)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2600 El Camino Real #400
Palo Alto, CA 94306
Telephone: 650-858-6000
Facsimile:  650-858-6100

***Attorneys for Plaintiff Apple Inc.***

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Plaintiff and counsel for Defendants have complied with the meet and confer requirement in Local Rule CV-7(h) and Ericsson opposes the motion.

*/s/ Melissa R. Smith*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service, on this 19th day of April, 2022.

*/s/ Melissa R. Smith*