# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> TELEFONAKTIEBOLAGET LM ERICSSON and ERICSSON INC., <br><br> Defendants. | Civil Action No. 2:21-cv-00460-JRG <br><br> **JURY TRIAL DEMANDED** |

## APPLE INC.'S ANSWER AND COUNTERCLAIMS TO ERICSSON'S COUNTERCLAIMS

Plaintiff Apple Inc. ("Apple") hereby answers Telefonaktiebolaget LM Ericsson and Ericsson Inc.'s (collectively, "Ericsson") Counterclaims.

## THE PARTIES[1]

1. On information and belief, Apple admits that Ericsson Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

2. On information and belief, Apple admits that LME is a corporation organized under the laws of the Kingdom of Sweden, having its principal place of business at Torshamnsgatan 21, Kista, 164 83 Stockholm, Sweden.

3. Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 and, on that basis, denies them.

---

[1] Apple repeats the headings set forth in the Counterclaims to simplify comparison of the Counterclaims and this response. In doing so, Apple makes no admissions regarding the substance of the headings or any other allegations of the Complaint. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Apple specifically denies all such allegations.

4.  Apple admits that it is a corporation organized under the laws of the State of California. Apple admits that its principal place of business is at 1 Apple Park Way in Cupertino, California 95014. Apple admits that it designs, manufactures, and sells certain mobile devices, such as smartphones and tables, that operate on fifth generation (5G) cellular networks around the world and in the United States.

## JURISDICTION AND VENUE

5.  Paragraph 5 states a legal conclusion to which no response is necessary. To the extent that any response is necessary, Apple admits that this Court has subject matter jurisdiction over actions for alleged patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338.

6.  Paragraph 6 contains conclusions of law to which no response is required. To the extent a response is required, Apple admits that it has marketed and sold products in Texas. For the purpose of this litigation only, Apple does not assert lack of a personal jurisdiction as a defense in this action. Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 6, and on that basis, denies them.

7.  Paragraph 7 contains conclusions of law and assertions to which no response is required.

## THE ASSERTED PATENTS

8.  Apple admits that the '768 patent states on its face that it is titled "Efficient SRS Resources Indication Methods," issued on August 6, 2019. Apple admits that the '768 patent on its face lists Robert M. Harrison, Sebastian Faxér, Andreas Nilsson, and Sven Petersson as the inventors. Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 8 and, on that basis, denies them.

9.  Apple admits that the '724 patent states on its face that it is titled "Shift Values

for Quasi-Cyclic LDPC Codes," issued on May 5, 2022. Apple admits that the '724 patent on its face lists Sara Sandberg, Mattias Andersson, and Yufei Blankenship as the inventors. Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 9 and, on that basis, denies them.

10. Apple admits that the '312 patent states on its face that it is titled "Handling of Multiple Authentication Procedures in 5G," issued on June 15, 2021. Apple admits that the '312 patent on its face lists Vesa Lehtovirta, Noamen B. Henda, David C. Zamora, and Monica Wifvesson as the inventors. Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 10 and, on that basis, denies them.

**COUNTERCLAIM COUNT I**
**([Alleged] Infringement of the '768 Patent)**

11. Apple repeats, realleges, and incorporates by reference, as if fully set forth herein, the answer to the preceding paragraphs as set forth above.

12. Apple denies each and every allegation in Paragraph 12.

13. Apple denies each and every allegation in Paragraph 13.

14. Apple denies each and every allegation in Paragraph 14.

15. Apple denies each and every allegation in Paragraph 15.

**COUNTERCLAIM COUNT II**
**([Alleged] Infringement of the '724 Patent)**

16. Apple repeats, realleges, and incorporates by reference, as if fully set forth herein, the answer to the preceding paragraphs as set forth above.

17. Apple denies each and every allegation in Paragraph 17.

18. Apple denies each and every allegation in Paragraph 18.

19. Apple denies each and every allegation in Paragraph 19.

20. Apple denies each and every allegation in Paragraph 20.

## COUNTERCLAIM COUNT II
### ([Alleged] Infringement of the '312 Patent)

21. Apple repeats, realleges, and incorporates by reference, as if fully set forth herein, the answer to the preceding paragraphs as set forth above.

22. Apple denies each and every allegation in Paragraph 22.

23. Apple denies each and every allegation in Paragraph 23.

24. Apple denies each and every allegation in Paragraph 24.

25. Apple denies each and every allegation in Paragraph 25.

## PRAYER FOR RELIEF

Paragraphs A-F set forth the statement of relief requested by Ericsson to which no response is required. Apple denies that Ericsson is entitled to any relief sought in its Prayer for Relief or otherwise.

## AFFIRMATIVE DEFENSES

Apple asserts the following defenses in response to the allegations set forth in the Counterclaims. Apple's inclusion of these additional affirmative defenses in this Answer is not a concession that Apple bears the burden of proof with respect to any of them. Discovery has recently begun, and Apple has not yet had sufficient time or opportunity to collect and review all information that may be relevant to the matters and issues raised herein. Thus, pursuant to Federal Rule of Civil Procedure 8(c), Apple, without waiver, limitation, or prejudice, hereby asserts the following affirmative defenses and reserves the right to seek to amend, modify, and/or expand these defenses and to take further positions as discovery proceedings in this case:

## FIRST DEFENSE

26. Although Apple does not bear the burden of proof on this issue, Ericsson's

claims are barred in whole or in part because Apple has not directly infringed, induced infringement, or contributed to infringement, and does not directly infringe, induce infringement, or contribute to infringement, of any valid and enforceable claim of the Asserted Patents, either literally or under the Doctrine of Equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

## SECOND DEFENSE

27. Ericsson's claims are barred in whole or in part because each asserted claim of the Asserted Patents is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or any other applicable statutory provision of Title 35 of the United States Code.

28. Apple provides an identification of prior art that supports this defense *infra* in paragraphs 7-18 of Apple's Counterclaims. This prior art provided is exemplary only and should not be construed as limiting in any way the defenses that Apple will present in this case. Apple's case is ongoing. Further, nothing herein should be construed as an admission that Apple agrees with any of Ericsson's express or implied claim constructions.

29. Depending on the scope of the asserted claims of the Asserted Patents or Ericsson's contentions in connection therewith, the asserted claims of the Asserted Patents may be invalid for failure to provide an adequate written description or enabling disclosure, or for failure to disclose the best mode under 35 U.S.C. § 112, first paragraph, or for indefiniteness under 35 U.S.C. § 112, second paragraph.

## THIRD DEFENSE

30. On information and belief, and subject to further discovery, Ericsson is estopped

from asserting and construing any asserted claim to have been infringed by any Apple product and asserting infringement by any Apple product under the doctrine of equivalents, in whole or in part, by argument-based estoppel, prosecution history estoppel, and collateral, administrative, and judicial estoppel, by virtue of the cancellation, amendments, arguments, representations, and concessions made to the Patent and Trademark Office during the pendency of the applications for the Asserted Patents and for related patents and patent applications, post-grant proceedings, and pending or prior litigation.

### FOURTH DEFENSE

31.     Ericsson's remedies are limited under 28 U.S.C. § 1498(a).  Apple is not liable to the extent the accused devices were used or manufactured by or for the United States, or to the extent accused activities were undertaken on behalf of the United States, according to at least 28 U.S.C. § 1498.

### FIFTH DEFENSE

32.     Ericsson's claims for damages are statutorily limited, in whole or in part, by the provisions of 35 U.S.C. §§ 286, 287, and/or 288.

### SIXTH DEFENSE

33.     Ericsson's attempted enforcement of the Asserted Patents against Apple is barred by estoppel and/or waiver.  Ericsson is precluded from enforcing its patents by law and by equity because Ericsson has failed to disclose at least some of its patents to ETSI in accordance with ETSI Intellectual Property Rights ("IPR") Policy.  One or more of the Asserted Patents have not been declared essential or was declared essential late to ETSI, and therefore Ericsson has not met its obligations under the ETSI IPR Policy.

## SEVENTH DEFENSE

34. Ericsson's claim for injunctive relief is barred because there exists an adequate remedy at law, and Ericsson's claims otherwise fail to meet the requirements for such relief.

## EIGHTH DEFENSE

35. One or more of the Asserted Patents are unenforceable under the doctrines of unclean hands, patent misuse, inequitable conduct, and/or other equitable doctrines. Ericsson has alleged that it declared the Asserted Patents essential to ETSI as claiming subject matter included in certain 3GPP standards. The subject matter claimed in one or more of the Asserted Patents was not conceived of by the named inventors but was rather conceived of by other participants of the 3GPP standards setting organization. Ericsson, including the named inventors, were aware that other participants should be included as true inventors because the named inventors were present and participating in the 3GPP events coordinating the next version of the 3GPP standards when these other participants disclosed the claimed subject matter. Ericsson purposefully failed to include all true inventors in one or more of the Asserted Patents because one or more of the true inventors were not Ericsson employees but rather employees of other 3GPP members. Without the requisite patent assignment from these employees of other 3GPP members, Ericsson would not have been able to apply for one or more of the Asserted Patents. Therefore, one or more of the Asserted Patents are unenforceable against Apple.

## NINTH DEFENSE

36. Ericsson's claims for monetary relief are limited by their obligation to license the Asserted Patents on fair, reasonable, and non-discriminatory terms, pursuant to commitments made to ETSI and/or other standard-setting bodies, which bind Ericsson. Further, because

Ericsson has committed to license the Asserted Patents on FRAND terms, Ericsson will obtain complete relief in the co-pending case 2:21-cv-00376, which will determine binding FRAND terms for a license to Apple that will encompass the Asserted Patents and all other Ericsson claimed cellular SEPs.

## TENTH DEFENSE

37. Ericsson has alleged that the Asserted Patents have been declared as essential to comply with certain standards promulgated by ETSI and/or other standard-setting bodies. By doing so Ericsson has declared it would grant an irrevocable license to the Asserted Patents on fair, reasonable, and non-discriminatory terms pursuant to contractual obligations that are binding on Ericsson. Ericsson breached, and continues to breach, its contractual obligations.

## ELEVENTH DEFENSE

38. Ericsson has failed to state a claim upon which relief can be granted. One or more of the Asserted Patents fail to name all true inventors. The inventors who conceived of at least part of the claimed subject matter in one or more of the Asserted Patents is not listed as an inventor. By failing to name the true inventors, Ericsson has also failed to acquire all substantial rights from those true inventors. Ericsson lacks standing to sue, and has therefore failed to state a claim upon which relief can be granted, because it does not possess all substantial rights in one or more of the Asserted Patents.

## TWELFTH DEFENSE

39. Ericsson has failed to join a necessary party. One or more of the Asserted Patents fail to name all true inventors. The inventors who conceived of at least part of the claimed subject matter in one or more of the Asserted Patents is not listed as an inventor. By

failing to name the true inventors, Ericsson has also failed to acquire all substantial rights from those true inventors. Those true inventors at least partially own one or more of the Asserted Patents. Ericsson does not have a statutory right to bring an action for infringement of one or more of the Asserted Patents without joining the true inventors.

## THIRTEENTH DEFENSE

40. Ericsson's claims are barred as a result of patent exhaustion and/or a license to the Asserted Patents. Apple and/or its customer cannot be held liable for infringement because the Accused Products were manufactured, sold, offered for sale, used, and/or imported into the United States under an express and/or implied license from Ericsson and/or its affiliates, and/or another third party. For example, Apple is licensed to the extent any agreement between Ericsson and an Apple contract manufacturer extends to Apple or any Accused Products. Further, to the extent the claims of one or more of the Asserted Patents are licensed by an Apple contract manufacturer and/or substantially embodied in an end product or component purchased by Apple from a seller authorized by Ericsson, Ericsson's patent rights are exhausted.

## RESERVATION OF ALL AFFIRMATIVE DEFENSES

Apple hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

## COUNTERCLAIMS

Counterclaimant Apple Inc. ("Apple"), through its undersigned counsel, counterclaims

and alleges against Ericsson as follows:

## PARTIES

1. Apple is a California corporation having its principal place of business at 1 Apple Park Way, Cupertino, California 95014. Apple designs, manufactures, and markets mobile communication and media devices, personal computers, and portable music players, as well as related software, accessories, and content.

2. Telefonaktiebolaget LM Ericsson ("LME") is a Swedish corporation having its headquarters at Torshamnsgatan 21, Kista, 164 83 Stockholm, Sweden.

3. Ericsson Inc. is a Delaware corporation having a principal place of business 6300 Legacy Drive, Plano, Texas 75024.

## JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to claims arising under the Patent Act, 35 U.S.C. § 101 *et seq.*, and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.*

5. This Court has personal jurisdiction over Ericsson because Ericsson availed itself of the jurisdiction of this Court and engaged in acts giving rise to this controversy in this District, including filing counterclaims in this District.

6. Ericsson consented to venue in this Court by filing its Counterclaims against Apple in this District and thus venue for Apple's Counterclaims are proper in this district.

## COUNT VIII

### Declaration of Invalidity of U.S. Patent No. 10,374,768

7. Apple incorporates by reference the allegations contained in Paragraphs 1 to 6 of

its Counterclaims.

8. One or more claims of the '768 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, *et seq.*, including §§ 101, 102, and/or 103. By way of a non-limiting example, the claim that Ericsson identifies in the Complaint, claim 1 of the '768 patent, is anticipated and/or rendered obvious in view of U.S. Patent No. 10,735,157 ("Liu") combined with U.S. Patent Publication No. 2020/0366429 ("Huang").

9. Liu was filed on September 27, 2017 and issued on August 4, 2020. Huang was filed as a PCT application on August 10, 2018 and published on November 19, 2020. Because the filing date of these references predate the earliest application to which the '768 patent claims priority, they qualify as prior art under at least 35 U.S.C. § 102(a).

10. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that one or more claims of the '768 patent is invalid.

## COUNT IX

### Declaration of Invalidity of U.S. Patent No. 10,644,724

11. Apple incorporates by reference the allegations contained in Paragraphs 1 to 10 of its Counterclaims.

12. One or more claims of the '724 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, *et seq.*, including §§ 101, 102, and/or 103. By way of a non-limiting example, the claim that Ericsson identifies in the Complaint, claim 7 of the '724 patent, is anticipated and/or rendered obvious in view of a Mediatek email, including attachments, published to the ETSI email distribution list website under 3GPP TSG RAN WG1 Archives ("Mediatek 6/15/2017 #1"), available at https://list.etsi.org/scripts/wa.exe?A2=ind1706C&L=3GPP_TSG_RAN_WG1&D=0&P=3898.

13. Mediatek 6/15/2017 #1 was published to the ETSI email distribution list website on June 15, 2017 05:59:52 GMT. Because the publication date of this reference predates the earliest application to which the '724 patent claims priority, it qualifies as prior art under at least 35 U.S.C. § 102(a).

14. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that one or more claims of the '724 patent is invalid.

## COUNT X

### Declaration of Invalidity of U.S. Patent No. 11,039,312

15. Apple incorporates by reference the allegations contained in Paragraphs 1 to 14 of its Counterclaims.

16. One or more claims of the '312 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, *et seq.*, including §§ 101, 102, and/or 103. By way of a non-limiting example, the claim that Ericsson identifies in the Complaint, claim 15 of the '312 patent, is anticipated and/or rendered obvious in view of International Publication No. 2020/208996 ("Tiwari").

17. Tiwari was filed on March 12, 2020 and published on October 15, 2020. Because the filing date of this reference predates the earliest application to which the '312 patent claims priority, it qualifies as prior art under at least 35 U.S.C. § 102(a).

18. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that one or more claims of the '312 patent is invalid.

### REQUEST FOR RELIEF

19. Apple requests that the Court grant the following relief in addition to that requested by Apple in its Complaint:

a. Enter judgment in favor of Apple;

b. On Apple's Counts VIII to X, declare that U.S. Patent Nos. 10,374,768, 10,644,724, and 11,039,312 are invalid;

c. Award to Apple its costs and expenses associated with this case, together with interest; and

d. Grant such other and further relief as the Court may deem just and proper under the circumstances.

DATED: April 27, 2022                              Respectfully submitted,

/s/ Melissa R. Smith
Ruffin Cordell
cordell@fr.com
State Bar No. 04820550
FISH & RICHARDSON P.C.
1000 Maine Ave SW, Suite 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile: 202-783-2331

Benjamin C. Elacqua
State Bar No. 24055443
elacqua@fr.com
Kathryn A. Quisenberry
Texas Bar Number 24105639
quisenberry@fr.com
FISH & RICHARDSON P.C.
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Betty Chen
State Bar No. 24056720
bchen@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: 650-839-5070
Facsimile: 650-839-5071

James Huguenin-Love
MN Bar No. 0398706
huguenin-love@fr.com
FISH & RICHARDSON P.C.
60 South 6thStreet, Suite 3200
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile:  (612) 288-9696

Melissa R. Smith
State Bar No. 24001351

melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257


Joseph J. Mueller (*pro hac vice*)
Timothy D. Syrett (*pro hac vice*)
Annaleigh Curtis (*pro hac vice*)
Kate Saxton (*pro hac vice*)
joseph.mueller@wilmerhale.com
timothy.syrett@wilmerhale.com
Annaleigh.Curtis@wilmerhale.com
Kate.Saxton@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
Facsimile: 617-526-5000

Mark D. Selwyn (*pro hac vice*)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2600 El Camino Real #400
Palo Alto, CA 94306
Telephone: 650-858-6000
Facsimile:  650-858-6100


*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

I certify that on April 27, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Melissa R. Smith*